### WELMAN, CURATOR, &c. vs. CONNOLY.

THE defendant had been held to bail upon the usual affidavit, for a debt due to the estate, in

*Disability of the plaintiff, not a fact to be tried upon a motion to discharge bail, but must be pleaded in abatement.*

which the necessary oath had been made by the plaintiff, as curator.

UPON a motion to shew cause why the bail should not be discharged,

*Ellery* and *Livingston*, for defendant, offered to prove that the letters of curatorship granted to the plaintiff by the court of probates, had been revoked, in consequence of his having neglected to provide a surety to replace the one originally furnished, who had become insolvent; and that the plaintiff, being thus deprived of the capacity in which only he had a right to sue the defendant, the order to hold to bail should be dissolved, as illegally obtained. That, by the act regulating the practice of the superior court in civil causes, every defendant arrested and held to bail, may be discharged by proving, to the satisfaction of the judge, that the facts stated by the petitioner, in order to hold the defendant to bail, are not true. 1805, *ch.* 26, *sec.* 12.

BUT, *by the Court*—This is not one of those facts contemplated by the act, to be liable to be disproved in this summary way. An intended departure from the territory, the possession by the defendant of sufficient property, if attached, to satisfy the judgment, which the petitioner expects to obtain in the suit, &c. may fairly be put at issue upon a motion to discharge the bail. But the dis-

ability of the plaintiff to prosecute his suit, can only be made to appear on the trial of the cause, in a plea of abatement. Otherwise causes of this description might be tried upon collateral issues, and instead of taking the usual course on the trial list, would obtain an undue preference, and this to the exclusion of the jury.